Blakeslee's Storage Warehouses, Inc. et al., Plaintiffs,
v. City of Chicago, Appellant.

Gen. No. 39,382.

Opinion filed November 10, 1937. Rehearing ·denied November 22, 1937.

BARNET HODES, Corporation Counsel, for appellant; JOSEPH F. GROSSMAN, First Assistant and ARTHUR A. SULLIVAN and J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

AARON SOBLE and WILLIAM FELDMAN, both of Chicago, for appellee; MAX CHILL, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The defendant appeals from a judgment entered by the court for the sum of $1,909.24, based upon the plaintiff's complaint wherein it is alleged that on February 16, 1926, an award was entered in the sum of $58,152, in the circuit court of Cook county in a

condemnation proceeding instituted under the Local Improvements Act, to take certain property for the purpose of widening or opening streets.

The complaint alleges that the award was the amount of just compensation allowed for taking the parcel of land involved; that interest is due on this award from the date of rendition, February 16, 1926, to the date of payment, September 28, 1927, amounting to $4,617.70, and further interest upon the amount of that interest from the date of payment of the principal to the date of trial.

To this allegation the defendant replied that the amount of the award was $58,152, but that the assessment against the remainder of the property for benefits resulting thereto amounted to $3,598; that the difference between these amounts is $54,554, the amount which the defendant was obliged to pay, and if interest were allowable under the law, it would be allowed only on the net award of $54,554.

Upon the trial the plaintiff conceded the defendant's contention was good and waived any claim for interest upon the $3,598, being the amount assessed against the remainder of the land for benefits.

The facts as they appear in the record are that on February 16, 1926, the judgment in question was entered in the circuit court of Cook county in a proceeding to condemn certain property for the purpose of widening South Ashland avenue in the city of Chicago. Judgment was entered in the sum of $58,152, in favor of Lola Menn, plaintiff's intestate. At that time there was an assessment against the remainder of the property for benefits in the sum of $3,598, leaving a net award of $54,554. This amount was paid on October 28, 1926.

The plaintiff offered evidence that the payment of this amount was received under protest and that interest was demanded at the time of payment. From the

record it appears to be a controverted question of fact as to whether the plaintiff's intestate protested at the time she accepted the net amount of the award of $54,554. Payment was made by a voucher of the city of Chicago in the sum of $58,152 on October 28, 1926, which recited that the sum was "in full payment for said condemned land and in full of all claims for damages to same by reason of said proceedings." Receipt of this amount was signed by Lola Menn on the back of the voucher.

The amount received was made up of the net award of $54,554, and the sum of $3,598, the amount covered by an assessment for benefits, making the total award $58,152. Therefore the question arises upon what is claimed to be the unpaid interest on the sum of $54,554, from the date of the rendition of the judgment February 16, 1926, to date of payment, October 28, 1926. The judgment in this case for the interest is $1,909.24, which is agreed to be the correct amount of interest upon $54,554, from February 16, 1926 to October 28, 1926. The plaintiff claims further interest upon the amount of $1,909.24, from October 28, 1926, to the date of the trial, in which the court refused to allow interest on interest, and the question of the allowance of this interest is the subject of cross appeal by the plaintiff.

In a discussion of the subject before this court, the Supreme Court filed opinions in two cases, one entitled *Blaine v. City of Chicago,* 366 Ill. 341, and the other, *Kamberos v. City of Chicago,* 366 Ill. 471, and from what is said in these cases, the question is somewhat simplified and relates largely to the decision of the court upon the construction of the Interest Act.

In the case of *Blaine v. City of Chicago, supra,* the court held that a final judgment of compensation for property taken does not differ in effect from any other judgment, and the property owner is entitled to interest from the date of judgment until the same is paid

regardless of the time of taking possession, and it cannot be contended that allowing interest is allowing additional compensation and violates sec. 13 of art. 2 of the constitution making the jury the exclusive tribunal to ascertain just compensation.

In the case of *Kamberos v. City of Chicago, supra,* it was held by the court that interest is allowable on condemnation judgments under the Local Improvements Act from the date of the same, and it cannot be contended that no interest can be allowed until the condemnor actually takes possession, but under sec. 16, where there is a special assessment for benefits, interest must be computed on the net award to the property owner from the date the judgment was entered.

There is a question as to whether the suit filed by the plaintiff was barred by the statute of limitations. Sec. 15 of the Limitations Act, Ill. State Bar Stats. 1935, ch. 83, ¶ 16; Jones Ill. Stats. Ann. 107.275, provides: "Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

The original judgment in the instant case was entered on February 16, 1926. The judgment was paid on October 28, 1926, and this suit was not instituted until December 5, 1934, more than eight years after the original judgment was entered and more than eight years after the judgment was paid. It is apparent that the amount paid by the city of Chicago was to be entirely applied to pay the amount of the judgment, and such being the fact, the judgment does not now exist, and the interest is that which accrued before the judgment was paid. Section 15 of the Act of Limitations

would apply, and the claim for interest is covered by the provision of the Act providing that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

What was left unpaid according to the contention of the plaintiff was accrued interest at the time payment was received for the amount of the judgment. Therefore, it would seem but reasonable to hold that this separate action for accrued interest would be controlled by the statutory provision within which an action could be maintained, and as we have indicated, we think the plaintiff in this case has not exercised his right to maintain a suit for recovery of the accrued interest within the statute of limitations to which we have called attention.

The plaintiff contends that the action is controlled by ¶ 27, sec. 3 of the statute of limitations, Ill. State Bar Stats. 1935, ch. 83; Jones Ill. Stats. Ann. 107.286, which provides: "Judgments in any court of record in this State may be revived by *scire facias,* or by ordinary civil action in lieu of *scire facias* as provided by the Civil Practice Act, and all existing and future amendments thereto, or a civil action may be brought thereon within twenty years next after the date of such judgment and not after; and the provisions of the foregoing section shall apply also to this section." And urges that this being in the nature of a claim based upon a judgment, sec. 3 of the statute would apply. However, we are controlled by what was said by the Supreme Court in the case of *Bank of Eau Claire v. Reed,* 232 Ill. 238, on the question as to the plaintiff's right to recover under the provision of this section, namely: "The only question to be determined in a proceeding by *scire facias* to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed. That rule

was stated in *Smith v. Stevens*, 133 Ill. 183, and in connection with the rule the court quoted from *Dowling v. McGregor*, 91 Pa. St. 410, as follows: 'The only defense in the trial of the *scire facias* on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof.' The defenses available, and which go to the plaintiff's right, as against the defendant, to have the judgment executed, are, that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction.''

We have indicated in our opinion, the judgment in question was satisfied when plaintiff's intestate accepted the check for the amount due. The amount of $58,152, was receipted for and the receipt was signed by Lola Menn on the back of the voucher at the time of its receipt. This sum was the full amount due on the judgment, and the only question is as to whether the interest, which was not received, would be controlled by sec. 3 of this act. The fact is that there is no judgment in force for the amount, and the plaintiff's intestate having accepted the amount of the judgment, the only issue here is whether plaintiff is entitled to the interest claimed. According to our view of sec. 3 and what the Supreme Court has said would have to be established by the plaintiff in the action to revive the judgment, we think the claim could not be maintained.

Having passed on all the questions that have been called to our attention, we are of the opinion that the plaintiff in this action cannot recover, and the judgment entered is reversed.

*Judgment reversed.*

DENIS E. SULLIVAN and HALL, JJ., concur.