Charlie Coby, Plaintiff-Appellee, v. John Turner, Defendant-Appellant.

Gen. No. 11,862.

Second District.

April 29, 1964.

John R. Snively, of Rockford, for appellant.

Angelo N. Gaziano, and Charles H. Davis, of Rockford (Charles H. Davis and Angelo N. Gaziano, of counsel), for appellee.

CARROLL, J.

The plaintiff brought an action to revive a judgment. The complaint alleged that on May 10, 1955, a judgment was entered against the defendant and for the plaintiff in the amount of $6,500 in a certain case; that an execution was issued and returned no property found and no part satisfied; that the defendant paid $750 to plaintiff as partial payment of the judgment; that an action has accrued to the plaintiff to have the judgment revived and have execution thereon against the defendant for damages and costs as provided by statute. The complaint prays for the revival of the judgment.

The defendant filed a motion to strike the complaint, which was denied. The plaintiff's motion for summary judgment was also denied.

The answer of the defendant denied all the allegations of the complaint and demanded trial by jury. The plaintiff moved for an order dismissing the jury demand and this motion was granted.

The record shows that when the case came on for trial both parties and their attorneys were present in court. At that time the plaintiff's attorney moved the court for leave to amend the complaint to show that $700 instead of $750 had been paid by the defendant to the plaintiff on account of the judgment.

The court, after hearing the plaintiff's above motion and without receiving evidence, announced that it would revive the judgment and give the defendant credit for $700 that had been paid. The record does not show that the defendant made any objection to this procedure or that he made any effort or offer to present evidence. A written order was entered in

38

which the court revived the judgment, giving the defendant credit for $700.

The defendant, in appealing from the judgment against him assigns three errors: (1) That the complaint is fatally defective. (2) That the defendant was deprived of his constitutional right of trial by jury. (3) That the judgment of revival is void.

In support of his contention that the complaint does not state a cause of action, the defendant argues that it does not comply with the requirements of Supreme Court Rule 13(2). This rule provides:

> In pleading a judgment, decree or order of any State or Federal Court or the decision of any State or Federal board of special jurisdiction, it is sufficient to state the date of its entry, and describe its general nature and allege generally that the judgment or decision was made or given. Ill Rev Stats 1963, chap 110, sec 101.

Section 24b of the Limitations Act provides that "Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, . . ." This section goes on to state that in actions to revive a judgment by scire facias, the plaintiff's affidavit shall set forth ". . . a description of the original judgment by title of the action, date and amount thereof, together with a statement of any partial satisfaction of such original judgment that may appear of record at the time of making such affidavit. . ." Ill Rev Stats 1963, chap 83, sec 24b.

Section 55 of the Civil Practice Act provides that "Any relief which heretofore might have been obtained by scire facias may be had by employing an ordinary civil action." Ill Rev Stats 1963, chap 110, sec 55.

The reviewing courts of this state have on many occasions passed on the sufficiency of pleadings in

proceedings to revive a judgment by scire facias. However, they have not passed on the sufficiency of a complaint in an ordinary civil action brought to revive a judgment.

Section 42(2) of the Civil Practice Act provides as follows: "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

The legislature apparently regarded a scire facias proceeding and the civil action in lieu thereof as concurrent and identical remedies. Smith v. Carlson, 8 Ill2d 74, 132 NE2d 513. The complaint herein certainly "reasonably informed the opposite party of the nature of the claim being asserted against him" thereby conforming to the requirements of section 42(2) of the Civil Practice Act, and since the complaint contained all the allegations required of an affidavit in scire facias proceedings (Ill Rev Stats 1963, c 83, § 24b) it must be held to adequately state a cause of action to revive a judgment.

◼ Defendant's argument that the complaint does not plead the judgment in conformity with Supreme Court Rule 13 is without merit. Rule 13(2) states that in pleading a judgment, the following allegations are considered sufficient: (1) the date of its entry; (2) a description of its general nature; (3) allege generally that the judgment was duly given or made. The complaint herein alleged that the judgment was entered on a certain date and that the judgment was for a certain sum of money. Although the complaint does not specifically allege that the judgment was duly given or made, this may be inferred from allegations in the complaint stating that the judgment ". . . still remains in full force and effect and in no way has it been reversed, satisfied or vacated," and the further allegation that a cause of action ". . . has accrued to

the plaintiff to have the judgment revived and have execution thereon. . . ."

The substantive required allegations of affidavits in scire facias proceedings or complaints in a civil proceeding in lieu thereof, being controlled by section 24b of the Limitations Act, whatever failure there may be in the complaint to comply with Supreme Court Rule 13(2), is not fatal.

■ ■ The defendant's second assignment of error is that he was deprived of his constitutional right of trial by jury. There is no constitutional guaranty of a trial by jury in every judicial proceeding. Where no issue of fact exists, the defendant does not have a right to trial by jury. Diversy Liquidating Corp. v. Neunkirchen, 370 Ill 523, 19 NE2d 363.

This rule has been announced in many cases. The only defense in the trial of the scire facias on a judgment is a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof. Bank of Eau Claire v. Reed, 232 Ill 238, 83 NE 820; Blakeslee's Storage Warehouse, Inc. v. City of Chicago, 292 Ill App 288, 11 NE2d 42.

Satisfaction and discharge being affirmative defenses, and not being specially pleaded by the defendant, such defenses were not available to him. Ill Rev Stats, 1963, chap 110, sec 43. Therefore the only issue raised by the pleadings was the existence of a judgment (the equivalent of the common law plea of *nul tiel record*). The court could determine this issue by taking judicial notice of its own records. ILP Evidence, sec 9; McKinney v. City of East St. Louis, 39 Ill App2d 137, 188 NE2d 341. There being no issue of fact outside the record, the court correctly dismissed the jury demand and was not required to admit (even if it had been offered) evidence bearing on any fact outside the record.

■ Defendant's remaining ground for reversal is that the judgment of revival entered by the court re-

41

cites that the judgment of May 10, 1955 is revived, whereas the record of the case in which the original judgment was entered shows that this judgment was entered on May 26, 1955. No objection as to this variance was made in the trial court. The defendant's objection as to the variance is not only trivial, but is also untimely, as an objection on the grounds of variance cannot be raised for the first time on appeal. Reavely v. Harris, 239 Ill 526, 88 NE 238.

For the reasons indicated the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN J., concur.