James E. Tucker, Appellant, v. William J. Gramer et al., Defendants. Catherine C. Gramer, Appellee.

### Gen. No. 46,448.

First District, First Division.
December 13, 1954.
Released for publication March 7, 1955.

Thomas J. Carroll and Joseph M. Connelly, of Chicago, for appellant; Joseph M. Connelly, of Chicago, of counsel.

James C. Spangler, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order quashing a writ of execution issued on a revival of a judgment and restraining the enforcement of the revived judgment as to certain property as to which the original judgment had been released.

On December 26, 1933 plaintiff recovered a judgment against defendant and others in the amount of $4,617.52 and costs. On October 26, 1935 plaintiff executed a release of lien of the judgment as to premises described

as lot 13 in block one in Mills & Sons Subdivision Number Two, etc., in Cook county, Illinois, which release was recorded with the recorder of deeds of Cook county February 4, 1936. On August 21, 1953, on affidavit and scire facias to revive the above-mentioned judgment filed in the circuit court of Cook county July 15, 1953, the original judgment was revived. Execution was issued and proper steps taken to sell the above-mentioned property under the execution. On petition filed, setting up the release of the original judgment as to the property, the order appealed from was entered.

■■ The proceeding by scire facias to revive a judgment is not an original suit but a continuation of the suit in which the judgment was entered. Smith v. Stevens, 133 Ill. 183. The result of the proceeding was the revival of the original judgment, not the entering of a new judgment. It was the intent of the parties by the release of the above-described property from the lien of the original judgment to forever bar the enforcement of that judgment against that property. The motion was made in apt time before the sale, the order entered is in accordance with the original intent of the parties when the release was executed, is just and proper.

The order is affirmed.

Order affirmed.

BURKE, P. J. and FRIEND, J., concur.