THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ESTATE OF ELY L. SAVICH, Deceased, Defendant-Appellant.

Fifth District   No. 5—86—0615

Opinion filed January 19, 1988.—Rehearing denied March 1, 1988.

Kenneth B. Dopuch, of Granite City, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Lynn M. Travis, Assistant Attorney General, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Ely L. Savich died on February 20, 1978. An inheritance tax return was filed on October 13, 1978, and on November 15, 1978, an order assessing inheritance tax was entered.

On September 6, 1985, the State of Illinois filed a petition for rule to show cause alleging that the inheritance tax had not been paid. The estate filed a motion to dismiss based on section 106 of the Illinois Estate Tax Law (Ill. Rev. Stat. 1985, ch. 120, par. 405.6), arguing that this statute imposed a five-year statute of limitation on the collection of inheritance taxes. On February 4, 1986, the trial court dismissed the State's petition to show cause, not based on the administrator's statute of limitation argument, but because "the judgment was not collected on or revived within the applicable seven year limitation period for enforcement of judgments." The State subsequently filed a petition to revive judgment to which the administrator objected on grounds that the State was barred by the February 4, 1986, dismissal order from which no appeal was taken and that the assessment order the State sought to revive did not constitute a "judgment" capable of being revived.

On August 18, 1986, the trial court overruled the administrator's objections and, acting on its own motion, reconsidered and vacated its February 4, 1986, dismissal order and reinstated the State's petition for rule to show cause. It is from this order that the estate appeals. The State moved to dismiss the appeal on the ground that the August 18, 1986, order was not final and appealable. The State's motion and the estate's objections thereto were taken with the case.

The estate's success in this appeal turns on whether the February 4, 1986, order dismissing the State's petition for rule to show cause was a final and appealable order. If so, the trial court was without jurisdiction to vacate it and the August 18, 1986, order would therefore be appealable. (*Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724, *rev'd on other grounds*, (1981), 83 Ill. 2d 559, 416 N.E.2d 252.) Further, if the February 4, 1986, order was final, the State would be barred from ever collecting the taxes even though the dismissal was based on an erroneous conclusion of law, as the State did not appeal the dismissal within the applicable time limit. If, on the other hand, the February 4, 1986, dismissal order was not a final order, the trial court retained jurisdiction to vacate it and the August 18, 1986, order would not be appealable.

In its February 4, 1986, dismissal order, the trial court dismissed the State's petition for rule to show cause because "the judgment was not collected on or revived within the applicable seven year limitation

period for the enforcement of judgments." A tax assessment order, however, is an administrative order, not a judicial act. (*In re Estate of Barker* (1976), 63 Ill. 2d 113, 119-20, 345 N.E.2d 484, 488.) There was no "judgment" as such to be revived and the trial court erred, therefore, in dismissing the State's petition to show cause on this ground. (We would note that section 11 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1977, ch. 120, par. 385) was repealed by Public Act 82–1021, section 2, effective July 1, 1983. The assessment of inheritance taxes is now controlled by section 102 of the Illinois Estate Tax Law (Ill. Rev. Stat. 1985, ch. 120, par. 405.2) effective July 1, 1983, and subsequently amended.) The estate's argument that the petition should have been dismissed because the statute imposed a five-year statute of limitations on collection of inheritance taxes is also erroneous. The five-year limit mentioned in section 24 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1977, ch. 120, par. 397), the applicable statute in this case, refers to the duration of the lien with respect to third-party purchasers. See *People v. Baldwin* (1919), 287 Ill. 87, 122 N.E. 148.

■■ The trial court's February 4, 1986, order dismissed the State's petition, not based on the estate's statute of limitations argument, but on the procedural grounds of nonrevival of a stale judgment. We do not believe this was a final appealable order. To be final, an order must terminate the litigation on the merits and adjudicate the rights of the parties with respect to the controversy between them. (See *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232; *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 362 N.E.2d 38.) The dismissal of the State's petition on grounds of nonrevival in no way addresses the merits of the case or the rights of the parties. Nor do we believe Supreme Court Rule 273 (107 Ill. 2d R. 273) is applicable here. The rule refers to the dismissal of an action, but here all that was dismissed was the petition itself. The trial court's action here was in the nature of striking a pleading rather than a dismissal of an action.

■■ Because the February 4, 1986, order was not a final order, the trial court retained jurisdiction over the case and had the authority to vacate the dismissal in its August 18, 1986, order and reinstate the State's petition for rule to show cause. Where the trial court retains jurisdiction over a cause, an order vacating a previous order is not final and appealable. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.) Furthermore, the August 18, 1986, order is not dispositive as to any part of the litigation nor

does it address the rights of the parties. As the August 18, 1986, order is not final and appealable, this court is without jurisdiction to hear the appeal and it must be dismissed.

Appeal dismissed.

HARRISON, P.J., and WELCH, J., concur.