THE FIRST NATIONAL BANK OF MARENGO, Plaintiff-Appellee, v. LARRY K. LOFFELMACHER *et al.*, Defendants-Appellants.

Second District   No. 2—91—0959

Opinion filed October 23, 1992.

Larry K. Loffelmacher and Mary Jo Loffelmacher, both of Rockford, appellants *pro se.*

Jay K. Filler, Jr., of Franks & Filler, of Marengo, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

*Pro se* defendants, Larry K. Loffelmacher and Mary Jo Loffelmacher, appeal from an order of the circuit court of McHenry County granting summary judgment in favor of plaintiff, First National Bank of Marengo, in a revival of judgment action initiated by plaintiff. We affirm.

■■ Before discussing the merits of this appeal, we find it necessary to comment on several matters of appellate procedure. Supreme Court Rule 341(e)(1) (134 Ill. 2d R. 341(e)(1)) states that the "Points and Authorities" of an appellant's brief "shall consist of the headings of the points and subpoints as in the Argument, with the citation under each heading of the authorities relied upon or distinguished, and a reference to the page of the brief on which each heading and each authority appear." Defendants' points and authorities section contains no headings or page references, improper and insufficient citation of authority, and improper argument. Defendants' statement of the issues (134 Ill. 2d R. 341(e)(3)) simply refers to their points and authorities section. Defendants' statement of jurisdiction (134 Ill. 2d R. 341(e)(4)) contains improper argument.

Rule 341(e)(6) requires an appellant's statement of facts to "contain the facts necessary to an understanding of the case, stated accurately and fairly, without argument or comment, and with appropriate reference to the pages of the record on appeal." (134 Ill. 2d R. 341(e)(6).) Here again, defendants' statement of facts fails to provide adequate citation to the record and contains improper argument and comment. According to Rule 341(e)(7), the argument section of the brief "shall contain contentions of the appellant and the reasons therefor, with the citation of the authorities and the pages of the record relied on." (134 Ill. 2d R. 341(e)(7).) Defendants' brief also fails in this regard, as they have failed to provide either reasoned argument or adequate citation to relevant authority.

Defendants have clearly failed to comply with the above-stated civil appeals rules. These rules are not merely suggestions (see *People*

*v. Wilk* (1988), 124 Ill. 2d. 93, 103; see also *Roberson v. Liu* (1990), 198 Ill. App. 3d 332, 335-36), and we would be within our discretion under Rule 375(a) (134 Ill. 2d R. 375(a)) to strike defendants' brief and dismiss the appeal. However, because the record in this case is not long and the issues are relatively simple, we decline to penalize defendants so severely for these lapses. (See *Falk v. Martel* (1991), 210 Ill. App. 3d 557, 559.) Rather, we will proceed to consider the merits of this case.

On April 2, 1981, plaintiff filed the original complaint in this action to obtain the balance due on a loan and security agreement pursuant to which plaintiff loaned defendants $65,025.08. The complaint also prayed for the payment of reasonable attorney fees and costs. The agreement provided that, upon default of the note, defendants agreed to pay all costs and expenses of collection including reasonable attorney fees and court costs.

Following a bench trial conducted November 3, 1982, the circuit court entered judgment in favor of plaintiff in the amount of $59,089.39 plus $975 in attorney fees. On January 13, 1983, the court awarded plaintiff a lien upon certain of defendants' assets to satisfy the judgment. These assets were sold at a sheriff's sale in McHenry County on April 16, 1985. By order dated May 21, 1985, the circuit court confirmed the sale, finding that it was fairly made, that it resulted in a deficiency amounting to $69,223.59 with interest from the date of sale, and that plaintiff was entitled to execution thereon.

On May 24, 1990, plaintiff filed a complaint to revive the judgment of November 3, 1982, alleging that it received no payments from defendants on the debt after October 23, 1986. In count I of the complaint, plaintiff prayed for revival of the judgment in the amount of $37,435.97 plus interest at the rate of $6.79 per day after December 31, 1989. In count II, plaintiff sought attorney fees in the amount of $1,219 plus costs as provided for in the loan agreement.

Defendants filed an "Answer and Petition to Dismiss," asserting that the judgment could not be enforced more than seven years after the date of its entry according to their understanding of section 12—108 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 12—108). Plaintiff responded with a reference to section 13—218 of the Code which provides that a judgment may be revived within 20 years of the date of the judgment. Ill. Rev. Stat. 1989, ch. 110, par. 13—218.

Plaintiff filed its motion for summary judgment on August 6, 1990, based on section 13—218 of the Code. The motion was supported by the affidavit of the president of the bank regarding the

amounts due, including attorney fees of $1,219. On August 16, 1990, defendants responded and again questioned the timeliness of plaintiff's petition to revive the judgment. Defendants also requested a continuance to prepare a counterclaim based on the allegation that a fraud had been perpetrated against them. On that same date, however, plaintiff's motion for summary judgment was granted, and the judgment was revived with a balance due of $40,203.09. The court reserved its ruling on the issue of attorney fees.

Defendants then appealed from the entry of summary judgment on the same grounds as those presented in the trial court. Since the trial court's order granting summary judgment did not resolve the issue of attorney fees, however, this court on May 3, 1991, dismissed the appeal for lack of jurisdiction. (*First National Bank v. Loffelmacher* (2d Dist. 1991), No. 2—90—1001 (unpublished order under Supreme Court Rule 23).) The trial court thereafter resolved the issue of attorney fees in plaintiff's favor ·on July 25, 1991, and defendants filed their notice of appeal on August 23, 1991.

We also wish to point out that this court, on January 14, 1992, granted plaintiff's motion to strike certain portions of defendants' brief which were neither made part of the record on appeal nor supported by affidavit. We subsequently ordered plaintiff's motion to strike portions of defendants' reply brief and defendants' objections thereto taken with the case. Since the subject portions of defendants' reply brief are also not part of the record on appeal and are not supported by affidavit, they too are hereby ordered stricken.

As stated, it is defendants' contention that the trial court erred in granting plaintiff's motion for summary judgment in the revival action. Specifically, defendants argue that summary judgment was improperly granted because plaintiff failed to revive the 1982 judgment within seven years from the time it was rendered, and because of the existence of allegedly fraudulent circumstances surrounding the 1985 sheriff's sale. We find defendants' arguments to be without merit.

■ Several statutory provisions are relevant to this dispute. Section 2—1601 of the Code of Civil Procedure (Code) provides:

"Scire facias abolished. Any relief which heretofore might have been obtained by scire facias may be had by employing a petition filed in the case in which the original judgment was entered, and notice shall be given in accordance with rules." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1601.)

Section 12—108 of the Code, relied upon by defendants, states, in pertinent part:

"Limitation on enforcement. (a) Except as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2—1601 of this Act ***." (Ill. Rev. Stat. 1989, ch. 110, par. 12—108.)

Finally, section 13—218 of the Code, relied upon by plaintiff, provides, in part:

"Revival of judgment. Judgments in a circuit court may be revived as provided by Section 2—1601 of this Act, within 20 years next after the date of such judgment and not after ***." Ill. Rev. Stat. 1989, ch. 110, par. 13—218.

Defendants have not addressed the applicability of section 13—218 of the Code, maintaining instead simply that section 12—108 requires revival actions to be brought *within* seven years from the time the original judgment is rendered. In support of their position, defendants cite *Farmers State Bank v. Hansen* (1990), 196 Ill. App. 3d 295, and *People v. Estate of Savich* (1988), 165 Ill. App. 3d 575. In *Hansen*, however, the revival action was clearly initiated within seven years of the original judgment. (*Hansen*, 196 Ill. App. 3d at 296-97.) In *Estate of Savich*, the court held that there was no "judgment" as such to be revived, although the trial court had stated that judgment had not been collected on or revived within the seven-year limitation period for the enforcement of judgments. (*Estate of Savich*, 165 Ill. App. 3d at 576-77.) Moreover, neither of plaintiff's cited cases addressed the applicability of section 13—218 of the Code. As such, neither case is dispositive of the issue before us.

In *Smith v. Carlson* (1955), 6 Ill. App. 2d 271, the court stated the following with regard to statutes limiting actions on judgments:

"A judgment when rendered becomes a lien on real estate. If execution is not issued within one year, the judgment is said to 'lose its vigor' and ceases to be a lien. However, execution may be had at any time within seven years and then the judgment again becomes a lien from the time execution is delivered to the sheriff. (Ill. Rev. Stat. 1953, ch. 77, sec. 1, par. 1 [repealed; see now Ill. Rev. Stat. 1989, ch. 110, pars. 12—101, 12—108].) After seven years the judgment becomes 'dormant' and no execution may issue until and unless the judgment is revived by scire facias. (Ill. Rev. Stat. 1953, ch. 77, sec. 6, par. 6 [repealed; see now Ill. Rev. Stat. 1989, ch. 110, pars. 12—101, 12—108].) A judgment may be revived by scire facias or a civil action may be brought thereon within twenty years after the date of judgment. (Ill. Rev. Stat. 1953, ch. 83, sec. 24b [repealed; see now

Ill. Rev. Stat. 1989, ch. 110, par. 13—218].)" (*Smith v. Carlson* (1955), 6 Ill. App. 2d 271, 272-73, *rev'd on other grounds* (1956), 8 Ill. 2d 74.) The court went on, then, to observe that "there are three types of limitations on judgments—first, a limitation on their vigor as a lien; second, a limitation on the period in which execution may issue; and, third, a twenty-year limitation which definitely terminates the life of a judgment." *Smith*, 6 Ill. App. 2d at 273.

■ Based on the above, and based further on our own reading of the relevant statutory provisions involved, we believe that defendants' interpretation of section 12—108, that revival must occur within seven years of the original judgment, would render both the stated exception to section 12—108 and all of section 13—218 meaningless. Section 12—108 addresses limitations on *enforcement* of judgments and states that "no judgment shall be *enforced* after the expiration of 7 years from the time the same is rendered, *except* upon the revival of the same." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 12—108.) Section 13—218, on the other hand, specifically addresses the *revival* of such judgments and provides for a 20-year limitation period. Since under section 12—108 it is clearly permissible to execute or enforce a judgment within seven years from the time it was originally rendered, it would make no sense to say, in the same breath, that the exception, *i.e.*, revival, must also take place within the same seven-year period. If actual enforcement may occur up until the expiration of the seven-year period, there is no concomitant need for revival during that period.

With these considerations in mind, we conclude that a party may not enforce a judgment after the expiration of seven years from the time that judgment was rendered unless the judgment is subsequently revived. (Ill. Rev. Stat. 1989, ch. 110, par. 12—108.) Thereafter, the judgment may be revived so long as the revival action is initiated within 20 years from the date judgment was originally rendered. (Ill. Rev. Stat. 1989, ch. 110, par. 13—218.) The original judgment in this case was rendered on November 3, 1982. Plaintiff filed its complaint to revive the judgment on May 24, 1990, and the trial court entered its order reviving the judgment on August 16, 1990. Thus, pursuant to section 13—218 of the Code, the judgment was revived within 20 years and was valid.

■ As for defendants' vague and unsubstantiated argument that the circumstances surrounding the 1985 sheriff's sale suggest that a fraud was committed against them, plaintiff correctly notes that defendants first raised this issue some five years after the entry of

the order confirming the sale, obviously well past the 30-day time period for filing a notice of appeal set forth in Supreme Court Rule 303(a)(1) (134 Ill. 2d R. 303(a)(1)). Moreover, it has often been stated that the only defenses in a revival of judgment action are that the original judgment did not exist or that there has been a subsequent satisfaction or discharge thereof. *Bank of Edwardsville v. Raffaelle* (1942), 381 Ill. 486, 489; *A.A. Store Fixture Co. v. Kouzoukas* (1980), 87 Ill. App. 3d 631, 636; *Coby v. Turner* (1964), 48 Ill. App. 2d 37, 41.

■ Here, plaintiff correctly points out that defendants have admitted the existence of the original judgment. Furthermore, defendants have failed to affirmatively plead, and the record does not support, the alternative defense of satisfaction or discharge. In fact, the only basis for reversal posited by defendants, as stated in their request for a continuance to prepare a counterclaim based on alleged fraud, addresses and seeks to attack not the original judgment but the circumstances of the sheriff's sale. There being no issue of fact on the face of the record, we therefore conclude that the trial court ruled correctly when it granted plaintiff's motion for summary judgment and revived the judgment previously rendered.

For the reasons indicated above, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.