# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Walters v. Rodriguez*, 2011 IL App (1st) 103488

---

| | |
|---|---|
| Appellate Court Caption | STEVEN WALTERS, GAYLA WALTERS, KATIE PETERSEN, JON PETERSEN, and MATTHEW MORGAN, Plaintiffs-Appellants, v. MICHAEL RODRIGUEZ, TRACY ANDREWS, PAUL STANEK, and UNION PACIFIC RAILROAD COMPANY, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-10-3488 |
| Filed | November 9, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a judgment was entered for defendants in an action for the deaths and injuries that occurred when plaintiffs' minivan was struck by defendant's train while crossing railroad tracks and plaintiffs then filed an action alleging fraudulent concealment of evidence, negligent and intentional spoliation of evidence, civil conspiracy and fraud by defendants, the entry of summary judgment for defendants in that action was affirmed where the appellate court was not presented with any reason to overcome the presumption that the trial court correctly ascertained the facts and followed the law in granting defendants' motion. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-6151; the Hon. Jeffrey Lawrence, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Carl E. Kasten and Byron J. Sims, both of Kasten, Ruyle, Sims & Bellm, P.C., of Carlinville, and Sutter & Ori, LLC, of Chicago, for appellants.

Raymond H. Groble, III, and Brian George, both of Daley Mohan Groble, PC, of Chicago, and Heath Hooks, Thomas E. Jones, and Harlan Harla, all of Thompson & Coburn LLP, of Belleville, for appellees.

Panel

JUSTICE MURPHY delivered the judgment of the court, with opinion. Justices Neville and Salone concurred in the judgment and opinion.

## OPINION

¶ 1    On July 22, 2004, plaintiff Steven Walters was driving his minivan across train tracks in Carlinville, Illinois, when it was struck by a train operated by defendant Union Pacific Railroad Company. Walters and his passengers sustained serious injuries from the impact. Walters was rendered paralyzed, Gayla Walters and Katie Petersen sustained serious injuries, and Molly Morgan and Jane Ann McGrath were killed. The passengers, and representatives of the deceased, sought damages in the United States District Court for the Central District of Illinois sounding in negligence. Following a jury trial, that cause of action resulted in a judgment for defendants on April 2, 2009.

¶ 2    Plaintiffs filed the instant action on May 26, 2009, in the circuit court of Cook County against defendants Michael Rodriguez, Tracy Andrews, Paul Stanek, and Union Pacific Railroad Company based on allegations of fraudulent concealment, negligent spoliation of evidence, intentional spoliation of evidence, civil conspiracy, and fraud against defendants. However, during the course of the prior litigation, plaintiffs brought numerous discovery motions before the federal court, including motions to compel discovery and for sanctions. The motions were all related to defendants' alleged spoliation and concealment of evidence and failure to timely produce vital evidence from electronic recorders concerning the operation of the signals at the grade crossing where plaintiffs' vehicle was struck. Plaintiffs' allegations and requests for leave to file claims of negligent and intentional spoliation and fraudulent concealment were rejected. Among the stated reasons for rejecting these claims, the federal court found that plaintiffs failed to: diligently pursue some of this discovery; show that the evidence sought was material; present evidence that defendants intentionally hid evidence; or show defendants intentionally destroyed evidence.

¶ 3    The court granted plaintiffs some relief, directing defendants to produce certain documents and evidence and awarding a monetary sanction for defendants' omission in disclosing certain evidence during discovery. Plaintiffs filed additional motions for additional oral discovery that were rejected and the matter proceeded to trial. Following entry of that judgment, plaintiffs did not move for reconsideration or appeal the ruling, but filed the

instant complaint in the circuit court of Cook County on May 26, 2009.

¶ 4        Defendants moved for summary judgment on the instant complaint, arguing that the claims were barred by the doctrines of *res judicata* and collateral estoppel as well as the statute of limitations. Defendants also argued that the evidence did not support plaintiffs' claims and Illinois did not recognize the separate cause of action for intentional spoliation of evidence. On October 25, 2010, the trial court granted defendants' motion and this appeal followed. On appeal, plaintiffs repeat their arguments before the trial court that the doctrines of *res judicata* and collateral estoppel do not support summary judgment. In fact, outside of a new introduction and the removal of certain arguments not presented on appeal, plaintiffs' appellate brief is repeated verbatim from their memorandum of law in opposition to defendants' motion for summary judgment, which is helpfully included in the appendix to their brief.

¶ 5        We begin by addressing defendants' argument that plaintiffs' statement of facts should be disregarded for their failure to comply with our supreme court rules. We note that " '[a] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research.' " (Internal quotation marks omitted.) *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010) (quoting *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 72 (1995)). Supreme Court Rules 341(h)(6) and (7) require a statement of the facts, with citation to the record, necessary for an understanding of the case and a clear statement of contentions with supporting citation of authorities and pages of the record relied on. Ill. S. Ct. Rs. 341(h)(6), (h)(7) (eff. July 1, 2008). These rules are not merely suggestions, but are necessary for the proper and efficient administration of the courts. *First National Bank of Marengo v. Loffelmacher*, 236 Ill. App. 3d 690, 691-92 (1992).

¶ 6        We will not sift through the record or complete legal research to find support for this issue. The burden of a sufficient record falls on the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Issues that are ill-defined and insufficiently presented do not satisfy the rule and are considered waived. *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 855 (2007). In fact, for these violations, this court may not only strike portions of the brief or consider arguments waived, but strike a brief in its entirety and dismiss the matter. *Marengo*, 236 Ill. App. 3d at 692. Where the record is not complete, any doubts which might arise from the incompleteness of the record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Further, "the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005).

¶ 7        We agree with defendants that plaintiffs' recitation of the facts is wholly deficient and should be disregarded. As noted, plaintiffs have repeated the entirety of their recitation of facts and analysis concerning their arguments on *res judicata* and collateral estoppel from their memorandum below. Almost all citations to the record in their brief pertain to the federal court record and not the record before this court. Plaintiffs do repeat their footnote from their trial memorandum that explained to the trial court, and now this court, that the federal exhibits and docket entries can be produced, upon request by the court. As expressed

in the case law above, it is not for this court to request a record and conduct research for the parties, but for the parties to prepare and submit a complete record and provide citation to the record and authority in support of its arguments.

¶ 8 Plaintiffs have completely failed to comply with Rule 341 by not only citing predominantly to the federal record, but by providing incorrect citations. Plaintiffs provided some citations to the record before this court in the introduction and conclusion of their facts and in some portions of their analysis. Unfortunately, the majority of these citations are to pages of the record unrelated to plaintiffs' statements and contentions. It is of further disappointment that we are also without the benefit of a reply brief to provide any explanation or discussion of this issue and defendants' analysis. Therefore, plaintiffs' facts are disregarded and the unsupported arguments are considered waived. Accordingly, we have not been presented any reason to overcome the presumption under *Foutch* and *Corral* that the trial court correctly ascertained the facts of the case and followed the law in granting defendants' motion to dismiss and we affirm that ruling.

¶ 9 For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 10 Affirmed.