2024 IL App (1st) 231445-U

No. 1-23-1445

Order filed June 27, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SHALISA HARVEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 OP 76122 |
| | ) | |
| CHYVETTE VALENTINE, | ) | Honorable |
| | ) | Marina Ammendola, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court, where respondent failed to provide a sufficiently complete record on appeal.

¶ 2    Respondent Chyvette Valentine appeals *pro se* from the trial court's plenary stalking no contact order prohibiting her from stalking or threatening to stalk, contacting by any means, and knowingly coming or remaining within 1000 feet of petitioner Shalisa Harvey. On appeal,

respondent argues that the trial court erred by failing to consider evidence in her favor. Due to the inadequate record on appeal, we affirm.

¶ 3     The record on appeal includes four volumes of the common law record and does not contain a report of proceedings or substitute therefor. The following background is gleaned from the common law record.

¶ 4     Respondent was a participant in the Chicago Housing Authority's (CHA) Housing Choice Voucher program and petitioner was an intake supervisor with the CHA. Petitioner communicated with respondent as part of her duties with the CHA. On June 21, 2022, the CHA sent respondent notice of the CHA's intention to terminate her from the program for not disclosing all of her income per program rules. Respondent requested a hearing.

¶ 5     On July 28, 2022, respondent sent petitioner and other individuals an email, which stated:

"For all practical purposes, Ms. Doreen admits I was referred to her by [petitioner], further proving, CONSPIRACY TO CAUSE HARM AND/OR COMMIT FRAUD while employed by CHA.

Question: Have you ever looked into the eyes of a shooter???

Might make you piss on yourself in fear, you feel me?"

¶ 6     On July 29, 2022, respondent sent petitioner and another individual an email, which included petitioner's full name, accused petitioner of engaging in conduct approaching "the line of criminal harassment," indicated that respondent knew where petitioner lived, and stated that respondent had a background in private investigation.

¶ 7     Also on July 29, 2022, the CHA sent respondent an amended notice, adding as grounds for termination that respondent sent threatening emails to CHA staff, including petitioner.[1]

¶ 8     On August 2, 2022, petitioner filed a petition for an emergency stalking no contact order against respondent based on the emails petitioner received from respondent on July 28 and July 29, 2022.

¶ 9     The court issued the no contact order that same day, effective until August 23, 2022, at 5 p.m. The order specified that respondent was prohibited from stalking or threatening to stalk petitioner, contacting petitioner by any means, and knowingly coming or remaining within 1000 feet of petitioner's residence and place of employment. The order was subsequently extended multiple times.

¶ 10    On January 17, 2023, petitioner filed an amended petition requesting a two-year stalking no contact order against respondent. Petitioner alleged she "reasonably fear[ed]" for her safety and that of her children due to respondent communicating with her on numerous occasions despite the no contact order.

¶ 11    On February 15, 2023, and April 11, 2023, respondent filed motions to dismiss the no contact order, alleging that petitioner, along with the CHA, violated the Violence Against Women Act (VAWA) (34 U.S.C.A. § 12291 *et seq.* (2022)) by engaging in abusive behavior toward respondent. The court denied the motions.

¶ 12    On July 19, 2023, following a hearing on the amended petition, the trial court entered a two-year plenary stalking no contact order. In the written order, the court noted that the order was

---

[1] The CHA terminated respondent's housing voucher. Respondent sought administrative review in the circuit court, which affirmed the CHA's termination decision. Respondent appealed, and this court affirmed. *Valentine v. Chicago Housing Authority*, 2023 IL App (1st) 230271-U.

entered "after hearing" and marked a box stating that it had issued oral findings for transcription. The order prohibited respondent from stalking or threatening to stalk petitioner, contacting petitioner by any means, including electronic and third-party communications, and knowingly coming within or remaining within 1000 feet of petitioner's residence and place of employment. The order is effective until July 18, 2025, at 5 p.m.

¶ 13    On appeal, respondent argues that the trial court erred in entering the plenary stalking no contact order because it failed to consider her evidence at the hearing, which included that she was protected under VAWA, that petitioner violated VAWA and was the aggressor, and that the emails at issue were altered, manipulated, and not threatening.

¶ 14    As a preliminary matter, respondent's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides procedural rules that govern the content of appellate briefs. The supreme court rules governing appellate briefs are mandatory and a *pro se* litigant is not relieved from complying with court rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶¶ 25-26. Specifically, respondent's brief fails to present an adequate statement of facts necessary to understand the case, fails to include citations to the record, and contains impermissible argument and comment. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (requiring the fact section to include the facts necessary to an understanding of the case "stated accurately and fairly without argument or comment" and "appropriate reference to the pages of the record on appeal").

¶ 15    Respondent's legal argument section of her brief likewise is noncompliant with Rule 341(h)(7). See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (the argument section of the appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Respondent's argument section consists of

pages of text explaining VAWA and the effects of domestic violence, a number of statutory provisions not applicable to this appeal, and a narration of the case from her point of view, without developed legal arguments and reasoned bases for those arguments in violation of Rule 341(h)(7). It is axiomatic that a reviewing court "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the appellant may dump the burden of argument and research" for her case on appeal. *Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 39 As such, it would be within this court's discretion to dismiss respondent's appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 16   Despite the deficiencies in respondent's brief, because it is clear that respondent challenges the trial court's ruling entering the plenary stalking no contact order and we have the benefit of petitioner's cogent brief, we decline to dismiss the appeal. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. That said, deficiencies in the record still prevent us from reviewing this appeal on the merits.

¶ 17   Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) provides that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Under Illinois Supreme Court Rule 323 (eff. July 1, 2017), the report of proceedings may be a transcript of the proceedings, or in lieu of a transcript, an appellant may file a bystander's report or an agreed statement of facts.

¶ 18   Here, the record on appeal lacks a report of proceedings, bystander's report, or agreed statement of facts. Respondent, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may

evaluate that alleged error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Any doubts which may arise due to the incompleteness of the record are resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Without a complete record on appeal, we must presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*.

¶ 19    In this case, respondent contends that the trial court erred in entering the plenary stalking no contact order. In its the written order, the court noted that a hearing was held and its findings were made orally for transcription. Without a transcript or proper substitute of the hearing, we have no way of knowing the evidence and arguments presented to the court that led to the plenary stalking no contact order in petitioner's favor. The lack of transcripts or appropriate substitutes frustrates this court's review as we have no basis to review the trial court's judgment and any explanations the court may have given for its decision in order to determine whether the court committed any error as respondent alleges. See *id.* at 391 ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.").

¶ 20    We acknowledge that petitioner has included a supplemental appendix to her brief that contains a purported report of proceedings, but a reviewing court will not "supplement the record on appeal with the documents attached to the *** brief *** where there is no stipulation between the parties to supplement the record and there was no motion in the reviewing court to supplement the record with the material." *Pikovsky v. 8440–8460 North Skokie Boulevard Condominium Ass'n*,

2011 IL App (1st) 103742, ¶ 16. We note that this court denied without prejudice respondent's *pro se* motion to separately file numerous other documents, instructing her that a supplemental record must be transmitted by the circuit court and suggesting she contact the Civil Appeals Division of Cook County Circuit Court for information and assistance. Respondent did not subsequently file a supplemental record.

¶ 21    In conclusion, the record is insufficient to review respondent's contentions and we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Foutch*, 99 Ill. 2d at 392.

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 23    Affirmed.