2025 IL App (1st) 240141-U

No. 1-24-0141

Order filed July 18, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SYED SHAH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 117592 |
| | ) | |
| COMPASS TRANSPORTATION, LLC, | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the judgment of the trial court, where plaintiff failed to provide a sufficiently complete record on appeal.

¶ 2   Plaintiff Syed Shah appeals from the trial court's order entering judgment for defendant, Compass Transportation, LLC, on his action to obtain unpaid compensation. On appeal, plaintiff argues that the trial court erred in (1) dismissing his case without allowing him "the opportunity to defend his case" and (2) not considering the evidence and materials in the record. We affirm.

¶ 3    The record on appeal includes one volume of the common law record and lacks a report of proceedings. The following background is gleaned from the common law record.

¶ 4    On August 9, 2023, plaintiff filed a *pro se* small claims complaint seeking $1500 in compensation from defendant for training to obtain his commercial driver's license (CDL) in order to drive school buses. Plaintiff alleged that he completed two weeks of training with defendant and had not received compensation. Plaintiff attached a letter from Kimberly Taylor, safety manager for defendant, dated July 14, 2023, stating the company's intention to employ plaintiff for "General Knowledge, Passenger and School Bus Test."

¶ 5    On September 28, 2023, the trial court struck plaintiff's case from the court call due to plaintiff not being present in court. On October 18, 2023, plaintiff filed a motion to "restore" his lawsuit. The trial court allowed the motion and set the case for trial.

¶ 6    On December 15, 2023, defendant submitted an affidavit from Taylor; it is unclear from the record whether the affidavit was attached to some other filing. Taylor averred that she trained individuals seeking to become bus drivers for defendant. Plaintiff applied for employment with defendant on June 30, 2023, was interviewed by director Pinchas Friedman, and agreed to train to become a school bus driver. On July 5, 2023, plaintiff attended orientation with Taylor, who advised him that he needed to undergo four to six weeks of training to obtain a CDL Class B Passenger and School Bus Endorsement and to pass a written test in order to receive a commercial learner's permit (CLP). Plaintiff would receive payment of $10 an hour for training if he obtained the CLP. Plaintiff attended training classes on July 12, 2023, July 13, 2023, and July 14, 2023. Plaintiff took the written test on July 14, 2023, and July 25, 2023, did not pass either time, and was therefore not qualified to receive payment for training.

¶ 7    On December 19, 2023, a trial occurred where plaintiff, defendant, and defendant's counsel appeared and the court heard arguments. The court entered judgment for defendant "with prejudice."

¶ 8    That same day, plaintiff filed a motion to vacate and set aside the judgment. He argued that the court entered judgment for defendant "without any cogent reason" and had not "given proper compensation to the plaintiff." Plaintiff attached a timesheet documenting multiple training sessions between July 3, 2023, and July 14, 2023. On January 12, 2024, the court denied the motion, stating that plaintiff at trial had "failed to carry his burden of proof by a preponderance of evidence that he was entitled to any judgment against defendant" despite being given "ample" opportunity to prove his cause. Moreover, plaintiff did not present new evidence or any other legitimate grounds for granting the motion to vacate.

¶ 9    On appeal, plaintiff argues that the trial court erred in (1) dismissing his case without allowing him "the opportunity to defend his case" and (2) not considering the evidence and materials in the record.

¶ 10    As a preliminary matter, plaintiff's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which governs the content of appellate briefs. In violation of Rule 341(h)(6), plaintiff's brief lacks an adequate statement of facts necessary to understand the case with citations to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). In violation of Rule 341(h)(7), his argument section asserts that the trial court erred in entering judgment for defendant without developed legal arguments and reasoned bases for those arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 11     A reviewing court must "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the appellant may dump the burden of argument and research." *Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 39 Moreover, the supreme court rules governing appellate briefs are mandatory, and a *pro se* litigant is not relieved from complying with them. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶¶ 25-26. Given plaintiff's failure to comply with Rule 341(h), it would be within this court's discretion to dismiss his appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 12     We decline to do so here as, despite the deficiencies in plaintiff's brief, it is clear that he challenges the trial court's ruling for defendant in an action for unpaid compensation and we have the benefit of defendant's cogent brief. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. That said, deficiencies in the record still prevent us from reviewing this appeal on the merits.

¶ 13     Plaintiff contends that the trial court erred in entering judgment for defendant and dismissing his case. In the written order denying plaintiff's motion to vacate and set aside the judgment, the trial court noted that a trial occurred and arguments were had. The trial court found that plaintiff "failed to carry his burden of proof by a preponderance of evidence that he was entitled to any judgment against defendant" despite being given "ample" opportunity to prove his cause. However, plaintiff has failed to provide this court with a report of any proceedings or an acceptable substitute such as a  bystander's report or an agreed statement of facts. See Ill. S. Ct. R. Rule 323 (eff. July 1, 2017).

¶ 14 Plaintiff, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Any doubts due to the incompleteness of the record are resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Without a complete record on appeal, we must presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*.

¶ 15 Without a transcript or proper substitute, we have no way of knowing the evidence and arguments that led to the order in defendant's favor. The lack of transcripts or appropriate substitutes frustrates this court's review as we have no basis to review the trial court's judgment and any explanations the court may have given for its decision in order to determine whether the court committed any error as plaintiff alleges. See *id.* at 391 ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant").

¶ 16 Consequently, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Id*. at 392.

¶ 17 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 18 Affirmed.