2025 IL App (1st) 241724-U

No. 1-24-1724

Order filed December 19, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JIJUN WU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 102153 |
| | ) | |
| RAM KUMAR, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the judgment of the trial court where defendant failed to provide a record on appeal sufficient for our review of the issues presented.

¶ 2     Defendant Ram Kumar appeals *pro se* from the trial court's order entering judgment for $3,000 in favor of plaintiff Jijun Wu following a bench trial on Wu's complaint regarding Kumar's remodeling work. On appeal, Kumar argues that (1) the trial court erred because Wu did not support her claims, "is not the property owner," and "had no authority" to sue on the owner's

behalf; (2) the trial court did not consider Kumar's counterclaim; and (3) Kumar "was not allowed" into a video conference call between Wu and the court. We affirm.

¶ 3    The record on appeal consists of one volume of the common law record and lacks a report of proceedings or any acceptable substitute.

¶ 4    On January 31, 2022, Wu filed a *pro se* small claims complaint alleging that Kumar owed her $10,000. According to the complaint, Wu hired Kumar to remodel her daughter's apartment in July 2021. The total cost of labor and materials was $32,100. Wu alleged several problems with Kumar's work, including unleveled floors in the kitchen and bathroom, an unstable toilet, and failure to install molding to the upper cabinets. As of filing her complaint, Wu had allegedly paid $32,000.

¶ 5    On June 24, 2024, Kumar filed a *pro se* small claims counter-complaint alleging that Wu owed him $5,850. Kumar asserted that Wu did not own the property and lacked authority to file a complaint. He contended that Wu had not paid $32,000 and her claim that he owes her $10,000 was "self-contradictory and completely groundless." Kumar also asserted that the bathroom and kitchen floors were level, the toilet was stable, and installing molding over the cabinets was not part of the contract.

¶ 6    On August 5, 2024, the trial court issued a written order entering judgment "after trial" in favor of Wu for $3,000, with costs assessed against Kumar. The order stated that both Wu and Kumar were present.

¶ 7    On appeal, Kumar argues that Wu lacked authority to file a complaint on behalf of the owner of the property and did not provide evidence to support her claims. He also argues that the

court order was not clear, his counterclaim was not addressed, and he "was not allowed" into a videoconference call between Wu and the court.

¶ 8 As an initial matter, Kumar's brief on appeal fails to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which sets forth mandatory procedural rules that govern appellate briefs. For example, in violation of Rule 341(h)(7), Kumar's brief fails to present legal arguments supported by legal authority to aid this court in deciding the issues on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 9 It is axiomatic that this court should "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. Given Kumar's failure to comply with this requirement, it is within this court's discretion to dismiss his appeal. See *Zale v. Moraine Vally Community College*, 2019 IL App (1st) 190197 ¶ 32. Despite the deficiencies in Kumar's brief, it is clear that he is challenging the trial court's judgment in favor of Wu, and we therefore decline to dismiss the appeal on that basis. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22.

¶ 10 That said, deficiencies in the record still prevent us from reviewing this appeal on the merits. Kumar, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record must be resolved against Kumar. *Id.* at 392.

¶ 11    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323."

¶ 12    As stated, the record on appeal lacks a report of proceedings or any acceptable substitute, such as a bystanders report or agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017). Thus, Kumar has not presented this court with a transcript of the trial or an acceptable alternative.

¶ 13    The trial court's written judgment indicates that both Wu and Kumar were present and judgment was entered "after trial." Without a report of proceeding or an acceptable substitute, this court has no knowledge of what testimony, evidence, exhibits, and arguments, if any, were presented to the court and the basis for the court's order. Thus, the record is insufficient for our review of the merits of Kumar's appeal. We therefore must presume that the trial court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 14    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 15    Affirmed.