2023 IL App (1st) 220133-U
Order filed: April 13, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0133

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellee, | ) ) | |
| v. | ) ) | No. 20 M 1112777 |
| DOROTHY MOORE, | ) ) | Honorable Lorraine Mary Murphy and Jamie Guerra Dickler, Judges, presiding. |
| Defendant and Counterplaintiff-Appellant. | ) ) ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's brief is stricken, and this appeal is dismissed, where defendant's brief failed to comply with Illinois Supreme Court Rule 341.

¶ 2    Defendant and counterplaintiff-appellant, Dorothy Moore, appeals from a judgment entered in favor of plaintiff and counterdefendant-appellee, Portfolio Recovery Associates, LLC (Portfolio). For the following reasons, we strike Moore's brief and dismiss this appeal.

¶ 3    Portfolio filed a complaint against Moore on July 28, 2020. Therein, Portfolio alleged that Moore opened a "charge account and/or line of credit" with a predecessor-in-interest on January 5, 2012. After Moore failed to make payments, the account was charged-off on December 16, 2016. Portfolio was thereafter assigned all rights and title to the account and was "currently the

*bona fide* owner thereof." Contending that Moore owed $4,136.52, Portfolio asked for a judgment against Moore for "Account Stated" in that amount, plus court costs.

¶ 4    Moore has represented herself *pro se* throughout these proceedings, both below and on appeal. On December 11, 2020, Moore filed an answer denying the material allegations of the complaint and a counterclaim.

¶ 5    In her counterclaim, Moore generally denied that she owed any debt to Portfolio or to its predecessor-in-interest. More specifically, Moore contended that her account had been protected by an insurance provision called "Account Assure," for which she had paid a monthly fee. That policy should have paid off her outstanding balance when she was hospitalized on March 28, 2014. This insurance payout should have included the balance owed for several purchases she had previously made but which were to be paid over time in installments. Moore also claimed that a $500 automatically scheduled payment she made on March 28, 2014, was improperly applied to her outstanding balance. That balance should have been paid off by the Account Assure benefit, and the $500 applied to future purchases. Moore claimed that she informed Portfolio's predecessor-in-interest of all these facts but failed to obtain any relief with respect to her account.

¶ 6    Asserting that these failures of Portfolio's predecessor-in-interest amounted to a breach of contract, caused her to improperly incur interest and late fees on her account, caused incorrect and damaging reports to be made on her credit report, and led Portfolio to file this "invalid" lawsuit to "harm" her, Moore asked for a judgment against Portfolio "in the sum of a hundred times $4,136.52."

¶ 7    Portfolio filed a motion to dismiss the counterclaim, asserting that the counterclaim was neither plain nor concise, plaintiff's allegations sounded as affirmative defenses or denials, and failed to attach a copy of the contract Portfolio purportedly breached. The motion to dismiss was

entered and continued, Moore was granted leave to file an amended counterclaim, and Moore's final amended counterclaim was filed on June 1, 2021. Portfolio filed a motion to dismiss the final amended counterclaim on June 25, 2021. Moore's final amended counterclaim was dismissed with prejudice on September 24, 2021, and this matter was set for trial on February 17, 2022.

¶ 8    On October 22, 2021, Moore filed a "Motion for Relief from Judgement 735 ILCS 5/2-1203(a) *** Request to Vacate Judgement to Dismiss[,] Request for Rehearing." Therein, Moore sought either rehearing or vacatur of the order dismissing her final amended counterclaim. Portfolio filed a response to the motion contending that it was improperly brought pursuant to section 2-1203(a) of the Code of Civil Procedure (735 ILCS 5/2-1203(a) (West 2020)) and was otherwise without merit. Moore's motion was denied in an order entered on December 23, 2021. Moore filed a notice of appeal from both that decision and the original order dismissing her final amended counterclaim on January 25, 2022.

¶ 9    Despite the filing of Moore's notice of appeal, this matter proceeded to trial on February 17, 2022. Moore testified at trial, as did Yvette Stephen, Portfolio's custodian of records. A judgment in favor of Portfolio was entered on February 23, 2022, in the amount of $750, plus costs. The report of proceedings for that day reflect that the trial court came to this amount only after applying the Account Assure benefit and Moore's $500 payment in March 2014.

¶ 10    Moore filed a motion in the trial court to stay that judgment pending appeal on March 24, 2022, and an "Amended Notice of Appeal" to "ADD 02/23/2022 JUDGMENT" on March 25, 2022. Moore's motion for a stay of judgment pending appeal was denied on April 11, 2022. Portfolio has filed neither an appearance nor a responsive brief with this court. On March 7, 2022, we entered an order taking this matter under consideration on the record and Moore's brief only.

¶ 11    Before continuing further, we pause to address this court's jurisdiction over this appeal.

No. 1-22-0133

See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (reviewing courts have an independent duty to consider issues of jurisdiction). As noted above, this matter proceeded to trial on February 17, 2022, despite the original notice of appeal Moore filed on January 25, 2022.

¶ 12    However, except as specifically provided by Supreme Court Rule 301, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb.1, 1994), *et seq.; Almgren v. Rush–Presbyterian–St. Luke's Medical Center,* 162 Ill. 2d 205, 210 (1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.,* 178 Ill. 2d 496, 502 (1997).

¶ 13    However, a final judgment or order is not necessarily immediately appealable. Illinois Supreme Court Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. 304(a) (eff. Mar. 8, 2016).

¶ 14    Here, while Moore's January 25, 2022, notice of appeal sought review of the orders dismissing her final amended counterclaim with prejudice and denying her "Motion for Relief from Judgement 735 ILCS 5/2-1203(a) *** Request to Vacate Judgement to Dismiss[,] Request for Rehearing," at the time those orders were entered the claim contained in Portfolio's complaint

remained pending, and neither order contained a Rule 304(a) finding. As such, Moore's January 25, 2022, notice of appeal neither conferred jurisdiction upon this court when it was filed nor deprived the trial court of jurisdiction to proceed to trial on Portfolio's complaint. *Id.*

¶ 15    Nevertheless, Illinois Supreme Court Rule 303(a) (eff. July 1, 2017) allows 30 days from the entry of a final order to file a notice of appeal. While styled as an "Amended Notice of Appeal" to "ADD 02/23/2022 JUDGMENT," we find that Moore complied with this requirement when on March 25, 2022, she filed a notice of appeal from the trial court's February 23, 2022, final order. We therefore have jurisdiction over Moore's appeal.

¶ 16    Having determined that we have jurisdiction, we nevertheless strike Moore's brief and dismiss this appeal for the failure of Moore's brief to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Rule 341 governs the form and contents of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. Where an appellant's brief contains numerous Rule 341 violations that impede our review of the case, we may strike the brief and dismiss the appeal (*id.*), as we are "not a depository in which the appellant may dump the burden of argument and research" (*Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)). Self-represented litigants are not excused from following rules that dictate the form and content of appellate briefs. *In re Marriage of Barile*, 385 Ill. App. 3d 752, 757 (2008).

¶ 17    Moore's brief fails to comply with Rule 341 in several respects. Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) requires an appellant's brief to include, *inter alia*: (1) a table of contents including citation of the authorities relied upon or distinguished, and a reference to the page of the brief on which each authority appears, (2) a concise statement of the applicable standard of review for each issue, with citation to authority, (3) a statement of jurisdiction that

includes the supreme court rule or other law which confers jurisdiction upon the reviewing court along with the facts of the case which bring it within this rule, (4) a statement of facts that contains "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal," and (5) an argument, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."

¶ 18     Moore's brief failed to include any of these required elements. There is no proper table of contents, no statement of the applicable standard of review, and no proper statement of jurisdiction. Furthermore, with but very few exceptions, her brief contains no specific references to the record on appeal and contains absolutely no citation to authority at all. In fact, the argument contained in her brief consists of a series of unsupported, repetitive assertions that we find difficult if not impossible to comprehend or effectively address.

¶ 19     As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. Arguments that are not supported by citations to authority fail to meet the requirements of Supreme Court Rule 341(h)(7) and are procedurally defaulted. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010); *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) ("An issue that is merely listed or included in a vague allegation *** is not 'argued' and will not satisfy *** the rule.").

¶ 20     For all the above reasons, we strike Moore's brief and dismiss this appeal for the failure of Moore's brief to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 21     Appellant's brief stricken; appeal dismissed.