2024 IL App (1st) 232104-U

No. 1-23-2104

Order filed November 6, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JELYAZ STEFANOV, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 120764 |
| | ) | |
| GEORGE LAZAROV, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MCBRIDE delivered the judgment of the court.
Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court where defendant failed to provide a record on appeal sufficient for our review of the issues presented.

¶ 2    Following a bench trial, defendant George Lazarov appeals *pro se* from the trial court's order entering judgment in favor of plaintiff Jelyaz Stefanov in the amount of $2237.03.[1] On

---

[1] The record also shows plaintiff's first name as Zhelyaz. We adopt the spelling of Jelyaz as shown on the small claims complaint that initiated the underlying proceedings.

appeal, Lazarov argues that the trial court erred in awarding Stefanov an "undeserved profit" and not considering Lazarov's counterclaim. We affirm.

¶ 3     The record on appeal consists of one volume of the common law record and lacks a report of proceedings or any acceptable substitute. The following background is derived from the common law record.

¶ 4     Stefanov and Lazarov owned property located in the 1600 block of East Thacker Street in Des Plaines as tenants in common. In June 2022, the mortgage lender sent them notice that an extra $4474.07 was paid on the escrow account for the property and issued a check payable to Lazarov and Stefanov in that amount.

¶ 5     In October 2022, Stefanov filed *pro se* a small claims complaint, alleging that Lazarov owed him the $4474.07. Stefanov alleged he alone paid the mortgage on the property until February 25, 2021; from that date until February 7, 2022, he and "the tenant," who he did not name, each paid 50% of the loan amount per court order; and from February 7, 2022, "the tenant" was responsible for the loan payment per another court order. The complaint alleged that, although the $4474.07 escrow surplus check was made out to both Stefanov and Lazarov, Lazarov deposited it into his bank account.

¶ 6     Stefanov attached a February 2021 order, entered in what appears to be a divorce proceeding, in which he was the named respondent. The order directs, in part, that the parties "shall divide" the mortgage on the (unspecified) marital residence on a 50/50 basis.

¶ 7     In November 2022, Lazarov filed *pro se* a small claims counter complaint, alleging that Stefanov owed him $933.80. Lazarov asserted that his oral agreement with Stefanov provided that, while Stefanov and his family resided in the property, they must pay all expenses, including the

mortgage. Lazarov contended the escrow surplus of $4474.07 was accumulated from August 1, 2021 to August 1, 2022; Stefanov only paid half the mortgage from August 1, 2021, to February 7, 2022, while his now ex-wife paid the other half; and Stefanov paid nothing after February 7, 2022, which was the date of his divorce. Lazarov contended he paid $1865.90 toward the mortgage because Stefanov failed to do so. He also asserted that Stefanov only contributed 21% of the $4474.07 surplus escrow amount, equivalent to $932.10.

¶ 8    On December 13, 2022, the trial court set the case for trial on February 20, 2023, and directed the parties to exchange exhibits and submit paper copies to the court by February 13, 2023.

¶ 9    On February 15, 2023, Stefanov moved *pro se* to file an amended complaint. The attached amended complaint elaborated that Lazarov was the father of Stefanov's ex-wife, and Stefanov and Lazarov held the mortgage on what was Stefanov and his ex-wife's marital residence. Stefanov alleged he and his ex-wife made all the payments on the mortgage, and, although Lazarov made no payments, he refused to return the refunded escrow amount. The record on appeal does not reflect a disposition of Stefanov's motion for leave to file an amended complaint.

¶ 10    The court rescheduled the trial date, ultimately to October 23, 2023.

¶ 11    On October 25, 2023, the trial court entered a "trial call order," entering judgment "after trial" in favor of Stefanov in the amount of $2237.03, with costs assessed against Lazarov. The order stated both Stefanov and Lazarov were present before the court.

¶ 12    Lazarov timely appealed. On its own motion, this court entered an order taking the appeal on the record and Lazarov's brief only where Stefanov failed to file a brief on appeal within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol*

*Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 13     On appeal, Lazarov argues that the trial court erred in awarding Stefanov exactly 50% of the total refunded escrow amount, equal to $2237.03. He contends the award was an "undeserved profit greater than [Stefanov's] interest and contribution" where Stefanov only contributed 21% ($932.10) of the total escrow amount. Lazarov also argues that the trial court failed to consider his counterclaim seeking $932.95 from Stefanov, which was 50% of the $1865.90 Lazarov paid towards the mortgage because Stefanov failed to do so.

¶ 14     As an initial matter, Lazarov arguably forfeited review of the trial court's decision due to his failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which sets forth mandatory procedural rules that govern appellate briefs. For example, in violation of Rule 341(h)(7), Lazarov's brief fails to present legal arguments supported by legal authority to aid this court in deciding the issues on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The only legal authority Lazarov cited to support both of his claims of error was section 4a of the Joint Tenancy Act (765 ILCS 1005/4a (West 2022)), but he does not explain how this section is relevant to the question under review here, *i.e.*, whether the trial court erred in finding Stefanov was entitled to 50% of the refunded escrow funds.[2]

¶ 15     It is axiomatic that this court should "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks

---

[2] Section 4a of the Joint Tenancy Act states that "[w]hen one or more joint tenants, tenants in common or co-partners in real estate, or any interest therein, shall take and use the profits or benefits thereof, in greater proportion than his or their interest, such person or persons, ... shall account therefor to his or their cotenants jointly or severally." 765 ILCS 1005/4a (West 2022).

omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. Given Lazarov's failure to comply with this requirement, it is within this court's discretion to dismiss his appeal. See *Zale v. Moraine Vally Community College*, 2019 IL App (1st) 190197 ¶ 32. Nevertheless, despite the deficiencies in Lazarov's brief, because it is clear that he is challenging the trial court's ruling entering judgment in favor of Stefanov, we decline to dismiss the appeal. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. That said, the deficiencies in the record still prevent us from reviewing this appeal on the merits.

¶ 16    The record tendered for our review of the trial court's judgment is insufficient to determine why the trial court ruled as it did. Lazarov, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Lazarov. *Id.* at 392.

¶ 17    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Under Illinois Supreme Court Rule 323 (eff. July 1, 2017), the report of proceedings may be a transcript of the proceedings. See Ill. S. Ct. R. 323(a) (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may prepare a "Bystander's Report" composed from "the best available sources, including recollection." Ill. S. Ct. R. 323(c). The appellant must serve the proposed report of proceedings on all parties and present it to the trial court for settlement

and approval, and, absent stipulation by the parties, only a report certified by the trial court may be included in the record on appeal. *Id.*

¶ 18     As stated, the record on appeal lacks a report of proceedings. The common law record shows that Lazarov filed a motion requesting the trial court to approve his proposed Rule 323(c) bystander's reports of the hearings conducted on May 31, 2023 (a continuance), June 7, 2023 (a continuance) and October 23, 2023 (trial).[3] However, the record does not show that the bystander's report was certified by the trial court as required under Rule 323(c). We therefore cannot consider it on appeal. *Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 655 (2007). Thus, Lazarov has not presented this court with a transcript of the trial or an acceptable alternative.

¶ 19     The written order awarding half the refunded escrow amount to Stefanov indicates that both Stefanov and Lazarov were present before the court and judgement was entered "after trial." Without a report of proceeding or an acceptable substitute, this court has no knowledge of what testimony, evidence and exhibits, and arguments, if any, were presented to the court at trial and the basis for the court's order. Thus, the record is insufficient for our review of the merits of Lazarov's appeal. We therefore must presume that the trial court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 20     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 21     Affirmed.

---

[3] We note that Lazarov did not sign the proposed bystander's report.