2024 IL App (2d) 230532-U
No. 2-23-0532
Order filed February 29, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2345 |
| DERRICK D. JORDAN, | ) ) | Honorable William G. Engerman. |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justice Kennedy concurred in the judgment.
Justice Jorgensen specially concurred.

**ORDER**

¶ 1   *Held*:  Having failed to file a legal memorandum, defendant forfeited all claims in this appeal for failing to cite to the record or authority, and attempting to make the court an advocate. Judgment affirmed.

¶ 2   Defendant, Derrick D. Jordan, timely appeals the detention order entered on November 24, 2023, pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). This court has jurisdiction pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On November 2, 2023, the State charged defendant with the following offenses related to the shooting death of Martin Pegues: two charges of first-degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2024)) (Class M); aggravated battery discharge firearm (*id.* § 12-3.05(e)(1) (Class X); and unlawful possession of firearm by felon (*id.* § 24-1.1(a) (Class 3). On November 24, 2023, the State filed a petition pursuant to section 110-6.1 of the Act. The State alleged that defendant's pretrial release should be denied pursuant to subparagraphs (a)(1), (a)(1.5), and (a)(6) of section 110-6.1. The State further alleged that defendant had a high likelihood of willful flight to avoid prosecution. The State indicated it would provide a proffer at the hearing on the petition pursuant to section 110-6.1(f)(2) of the Act. On November 24, 2023, the trial court held a hearing on the petition and entered the detention order.

¶ 5 In his form notice of appeal, defendant elaborated on the four boxes he marked as contested. The first checked box states: "The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." Defendant's elaboration stated:

"Lack of evidence: no videos presented, no recorded statements, no written statements, no testimony State failed to admit People's Exhibits 1 and 2 into evidence. Evidence was primarily circumstantial. Witnesses were all from a distance (two homes away, driving in a car, etc.) and therefore are unreliable. Witness Damian has a bias: sister has a child with D's brother. No known connections between Defendant and victim. The person with connections to victim is Defendant's brother. Police do not state that there is a positive identification of Defendant on the surveillance video. Victim also had a gun-- possible self defense."

¶ 6    The second box checked on the notice of appeal states: "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." Defendant elaborated as follows: "Defendant is not on probation/parole/RCD/supervision. It has been some time since Defendant's last violent offense. Victim is diseased, [sic] so no threat to victim. State did not argue whether Defendant would be a threat to any of the witnesses and it is their burden to do so."

¶ 7    The third checked box states: "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight." Defendant elaborated: "State did not prove that Defendant is not a good candidate for EHM/GPS monitoring, especially considering that the Court did not find that State proved that Defendant is likely to flee. Defendant did not make any statements."

¶ 8    The fourth checked box states: "Defendant was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release." Defendant's elaboration: "While uncertain, Judge Engerman may have been involved in the signing of the warrants for this case, and therefore may have information about this case beyond what was presented during the hearing."

¶ 9    The appellate defender notified this court on January 19, 2024, that it would not file a memorandum. Thus, the only claims on appeal are those contained in the preceding paragraphs. Relative to the above claims, we review the trial court's order under a bifurcated standard of review. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. We review the trial court's factual

findings to determine whether they are against the manifest weight of the evidence. *Id.* A finding is against the manifest weight of the evidence if the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *Id.* We review the court's ultimate determination regarding pretrial release for an abuse of discretion. *Id.* An abuse of discretion occurs when the court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 10                                  II. ANALYSIS

¶ 11    We shall address the merits or lack thereof of the additional elaborations contained in the notice of appeal, mindful of this established law:

    "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill.2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error [citation]. Accordingly, these contentions are waived." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 12    All the claims in defendant's notice of appeal are forfeited:

    " 'Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*" ' (Emphasis in original.) *[People v.] Inman*, 2023 IL App (4th) 230864 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Accordingly, 'some form of argument is required, along with justification for claiming entitlement to relief-like references to the record, the evidence presented, or, if possible, legal authority.' *Id.* A reviewing court 'cannot be expected to formulate an argument for defendant out of whole cloth.' *Id.* ¶ 13. 'The appellate court is not a depository in which

the appellant may dump the burden of argument and research.' *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 42-43.

¶ 13    Checked boxes in the notice of appeal are the equivalent of the issues raised in an appellate brief. See Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). As such, the issues are claims of error. If there is additional elaboration then there might be additional argument, citation to authority, or something more specific than the conclusory claim in the body of the checked box. We have the authority to view the record to see if there is an insufficiency or related error. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128, 133 (1976) ("We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so.")

¶ 14    If a review of the record shows any evidence to support the judgment, *vis-à-vis* no evidence to support the judgment, then, if there is a failure to cite to the record, authority, or make cohesive argument, forfeiture should be declared. Also, as stated repeatedly above, this court is not to advocate on behalf of any party.

¶ 15    We have reviewed the record and there is evidence to support the judgment of denial. The trial court found in its judgment order regarding the commission of the crimes:

> "Witness identified [d]efendant arguing w/ individual in victim's vehicle 8 minutes prior to shooting. Eyewitness identified [d]efendant firing gun at victim. Defendant identified by his nickname of "Do Wrong." There is surveillance video placing [d]efendant

at the scene of the shooting at the time of the shooting. Defendant was observed walking towards and away from the scene of the shooting. Vehicle with the individual [d]efendant argued with [*sic*] was the[n] observed in victim's driveway, running. The vehicle, a Cadillac, has been identified as the victim's."

¶ 16    With regard to dangerousness the trial court found: "Defendant poses a real and present threat to the community as he has pending gun charges, fled from police in a vehicle when the police tried to apprehend him. The defendant has prior violent criminal history, including attempt first degree murder conviction." There is evidence of record to support this finding; thus, this claim is forfeited.

¶ 17    With regard to a lack of evidence that "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight," the court stated:

"The offense occurred just before noon in a driveway of a home. Several witnesses report hearing multiple gun shots in a public space. This endangered both the victim and other individuals in the area. Defendant has access to firearms and was on bond for a firearms case when he committed this offense."

Because there is evidence of record to support this finding, the claim is forfeited.

¶ 18    Finally, the defendant claims that the hearing may have been unfair because the judge may have signed the warrants for defendant's arrest and might have knowledge outside the record. This claim is based upon an affirmative allegation of the authorization of an arrest warrant. The claim is forfeited for failing to cite to the record to establish an underlying fact. Also, a cohesive argument is nonexistent as to how this action prejudiced the defendant. Accordingly, this claim is forfeited as well.

¶ 19    We have reviewed the record and determine that there was sufficient evidence to support the denial of release. Any further analysis would be advocating on behalf of defendant.

¶ 20                                  III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.

¶ 23    JUSTICE JORGENSEN, specially concurring:

¶ 24    While I concur with the majority's ultimate decision affirming defendant's detention, I write separately because I do not believe the doctrine of forfeiture applies.

¶ 25    In this case where no memorandum has been filed by appellate counsel, but the notice of appeal contained more than checked boxes, I would review the record and only apply forfeiture if the issue was not raised before the circuit court. However, if the issue was addressed in the circuit court, I would simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17.

¶ 26    Here, the majority's discussion of the record in paragraphs 14 through 17 highlights the findings of the circuit court, as contrasted to the issues raised by defendant in paragraphs 5 through 8. I would find, based on this analysis, that the circuit court was not unreasonable in detaining defendant as defendant has failed to rebut the presumption that the court either did not know the law or failed to properly apply it. Accordingly, I would affirm on this alternative basis and not apply the doctrine of forfeiture.