2024 IL App (2d) 230599-U
No. 2-23-0599
Order filed March 5, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CF-2670 |
| | ) | |
| JUSTIN W. PHILLIPS, | ) | Honorable |
| | ) | Christine A. Downs, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justice Jorgensen concurred in the judgment.
Presiding Justice McLaren specially concurred.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering him detained.

¶ 2    Defendant, Justin W. Phillips, appeals the December 10, 2023, order of the circuit court of Kane County granting the State's petition to deny pretrial release and ordering him detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1,

2023) (we will refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that he committed the offenses charged; (2) he poses a real and present threat to the safety of any person or persons, based on the specific articulable facts of the case; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons based on the specific articulable facts of the case. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On December 9, 2023, defendant was charged by complaint in the circuit court of Kane County with: (1) one count of aggravated domestic battery (strangle) (720 ILCS 5/12-3.3(a-5) (West 2022)), a Class 2 felony; (2) one count of domestic battery (bodily harm) (720 ILCS 5/12-3.2(a)(1) (West 2022)), a Class 4 felony; and (3) one count of domestic battery (physical contact) (720 ILCS 5/12-3.2(a)(2) (West 2022)), a Class 4 felony. The complaint noted that defendant had been previously convicted of domestic battery in Kane County case No. 02-CM-5099.

¶ 5     On the same day that defendant was charged, the State filed a "Verified Petition to Deny Defendant Pretrial Release" (Petition). The State urged the trial court to deny defendant pretrial release pursuant to section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)) because (1) defendant was charged with domestic battery or aggravated domestic battery under

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act. However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

section 12-3.2 or 12-3.3 of the Criminal Code of 2012 (720 ILCS 5/12-3.2, 3.3 (West 2022)) and (2) defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community. As additional grounds upon which defendant should be denied pretrial release, the State cited defendant's criminal history which included (1) pending charges of reckless conduct and assault (case No. 23-CM-1488), (2) a conviction of possession of a controlled substance for which defendant was sentenced to 18 months' conditional discharge (case No. 13-CF-1323), (3) a conviction of battery for which defendant was sentenced to three months' conditional discharge (case No. 08-CM-2988), and (4) a conviction of domestic battery for which defendant was sentenced to 120 days' imprisonment and 18 months' probation (case No. 02-CM-5099).

¶ 6    The State attached to its Petition a sworn synopsis (Synopsis) drafted by the arresting agency. The Synopsis provides in relevant part as follows. At approximately 4:28 p.m. on December 8, 2023, Vickie C. called 911 after previously having hung up. Vickie advised that her brother, later identified as defendant (date of birth, October 20, 1960), was armed with a handgun and was threatening her. Based on Vickie's injuries and statements by defendant, Vickie, and a witness (defendant's mother), the officers who responded to the call determined that there was an argument about food. A physical confrontation between defendant and Vickie ensued. Defendant followed Vickie into the living room, grabbed her by the hair, and pushed her to the ground. Defendant took a small table and threw it at Vickie, causing marks to her lower back. Defendant then struck Vickie, causing multiple marks to the right side of her face. Defendant also placed his knee on Vickie's neck, restricting her natural breathing. Once defendant got off Vickie, she attempted to contact the police, but defendant hung up the phone. Vickie told the officers that

defendant threatened to shoot her with a gun while she was calling the police. The officers did not locate a firearm at the residence, but did find a firearm case in defendant's bedroom.

¶ 7    On December 10, 2023, the trial court held a detention hearing. The State presented a factual basis for this request, which tracked the Synopsis, and indicated that, pursuant to a supplemental report, defendant threatened to shoot the victim once he was released from jail.[2] The State tendered the Synopsis to the court as well as the police report in case No. 23-CM-1488, a pending case in which Vickie advised police that defendant threatened to kill his 86-year-old mother. In addition, the State tendered a petition for an order of protection filed in August 2023 by another sister of defendant, Marilyn D., alleging that defendant threatened to kill Marilyn and her husband and to burn down Marilyn's house (case No. 23-OP-1419).[3] The State said that it was introducing the petition for an order of protection "just to show that *** defendant is not only a threat to the victim in this matter but to all family household members."

¶ 8    In response, defense counsel asked the court to deny the State's Petition. Defense counsel asserted that defendant had appeared for every court date in case No. 23-CM-1488. Defense counsel further asserted that a "Public Safety Assessment Report" showed that defendant did not have any failures to appear pretrial in the past two years. Defense counsel acknowledged that defendant resides at the same residence as the victim, but stated that defendant "could reside at his

---

[2]The supplemental report is not part of the record submitted in this appeal.

[3]At the detention hearing, the State represented that the petition for an order of protection was filed by defendant's mother. However, the only order of protection included in the record indicates that it was filed by Marilyn. The order of protection also specified that defendant and Marilyn did not reside together.

boss's house in Aurora." Defense counsel indicated that the firearm case belonged to defendant's stepfather, and she denied that defendant owns or has access to a gun. Defense counsel argued that, in any event, there are conditions that can mitigate any threat, including moving out of the house, a stay-away or no-contact order, and a weapons surrender.

¶ 9 Following the parties' arguments, the trial court granted the State's Petition and ordered defendant detained pending trial. In reaching its decision, the court stated that it had considered all the factors in the statute, the exhibits proffered by the State, and the evidence submitted by the State and defendant. Based on the foregoing, the court found that the proof is evident or the presumption great that defendant committed a detainable offense pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) and that defendant poses a real and present threat to the physical safety of both Vickie and his mother. In ruling, the court acknowledged that the petition for an order of protection was not filed by defendant's mother or Vickie, but noted that the allegations in the petition demonstrate "an escalation" of behavior involving other family members.

¶ 10 The trial court entered a preprinted detention order on the same day as the hearing. On the form, the court checked boxes to indicate that it had found by clear and convincing evidence that (1) the proof is evident or the presumption great that defendant committed a detainable offense pursuant to section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)), (2) defendant poses a real and present threat to the physical safety of Vickie, and (3) no condition or combination of conditions set forth in section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) can mitigate the real and present threat to the physical safety of any person or persons. The court further elaborated in its order that its finding that defendant committed a detainable offense was based on the "State's filing of charges[ ] and probable cause found from the Synopsis." Its finding that

defendant poses a real and present threat to the safety of a specific, identifiable person or persons was based on "[a]llegations in the Synopsis and [petition for an] order of protection *** show[ing] an escalation of violence against family members, including victim in this case matter." Its finding that less restrictive conditions would not assure safety to the community was based on "[d]efendant's case matter, plus the OP, and the current felony matter show[ing] an escalation that no conditions can ensure the safety of [the] victim and family members."

¶ 11   On December 12, 2023, defendant filed a form notice of appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023) (providing that the appellant "may file, but is not required to file, a memorandum"). Thus, on appeal, we are limited to the arguments made in defendant's notice of appeal. The State filed a response in opposition to the appeal.

¶ 12                                    II. ANALYSIS

¶ 13   Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725

ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 14    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52. Questions of law and the construction of statutes are reviewed de novo. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 16.

¶ 15    On appeal, defendant raises three arguments. First, he argues that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged. Second, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons based on the specific articulable facts of the case. Third,

defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific, articulable facts of the case. We do not find any of defendant's arguments persuasive.

¶ 16    Regarding defendant's first argument, he asserts in his notice of appeal that the State's submission of "synopses of cases is not sufficient" to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged. We disagree. Section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West 2022)) expressly permits the parties to a detention hearing to present evidence by way of proffer based on reliable information. This court has previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, e.g., *People v. Wesby*, 2024 IL App (2d) 230523-U, ¶ 28; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24; *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U, ¶ 9; *People v. Hilton*, 2024 IL App (2d) 230366-U, ¶ 11. That the statements contained in the Synopsis have not been subjected to admission under the Illinois Rules of Evidence or to adversarial testing is not fatal, as the strict rules regarding the admission, presentation, and consideration of evidence do not apply to pretrial detention hearings. 725 ILCS 5/110-6.1(f)(5) (West 2022). We further note that the notice of appeal simply argues that a synopsis "is not sufficient" without providing an explanation. This bare, conclusory argument has been commonly asserted in appeals involving pretrial detention hearings, but, without more, is patently without merit. *Mancilla*, 2024 IL App (2d) 230505, ¶ 24.

¶ 17    Further, we reject defendant's claim that the Synopsis was insufficient for the State to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged. Defendant was charged with two qualifying

offenses: aggravated domestic battery (strangle) and two counts of domestic battery (great bodily harm and physical contact). 725 ILCS 5/110-6.1(a)(4) (West 2022). As charged, a person commits aggravated domestic battery when, in committing a domestic battery, he or she strangles another individual. 725 ILCS 5/12-3.3(a-5) (West 2022). "Strangle" is defined as "intentionally impeding the normal breathing or circulation of the blood of an individual by applying pressure on the throat or neck of that individual or by blocking the nose or mouth of that individual." 720 ILCS 5/12-3.3(a-5) (West 2022). A person commits domestic battery when he or she knowingly, without legal justification, by any means causes bodily harm to any family or household member or makes physical contact of an insulting or provoking nature with any family or household member. 720 ILCS 5/12-3.2(a) (West 2022). According to the Synopsis, Vickie contacted 911 and reported that defendant was armed with a handgun and threatening her. When the officers arrived, they observed signs of injury to Vickie's lower back and face. Based on statements from defendant, Vickie, and defendant's mother, the officers determined that Vickie and defendant had an argument which escalated to a physical altercation, during which, defendant grabbed, pushed, and hit Vickie, and threw a small table at her. In addition, defendant placed his knee on Vickie's neck, restricting her natural breathing and threatened to shoot her with a gun while she was calling the police. This record was more than sufficient to show by clear and convincing evidence that the proof is evident or presumption great that defendant committed the charged offenses. Hence, the trial court's finding was not against the manifest weight of the evidence.

¶ 18    Defendant next argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons based on the specific articulable facts of the case. The entirety of this argument consists of a checked box next to boilerplate language on the preprinted notice of appeal without any additional

elaboration. Where, as here, a defendant fails to present any legal argument or authority in support of his or her claim, we are left with the record itself. We presume the circuit court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 14. As explained below, having thoroughly reviewed the record on appeal, we find nothing in it to rebut this presumption.

¶ 19     Under the Code, factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that a defendant poses a real and present threat to any person or the community, include, but are not limited to (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)), the court deems to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 20     In this case, the Synopsis indicated that the nature and circumstances of the charged offense were violent. At the detention hearing, the State represented that defendant also threatened to shoot the victim once he was released from jail. Defendant has charges pending against him in another incident of domestic violence during which he is alleged to have threatened to kill his mother. He

has several prior convictions (including one of domestic battery), and he is the named respondent in a petition for an order of protection filed by his sister Marilyn because he allegedly threatened—among other things—to kill Marilyn and Marilyn's husband and burn down the couple's house. Based on this record of repeated incidents of violence and abusive behavior involving his family, we cannot say that the trial court's finding of dangerousness was against the manifest weight of the evidence.

¶ 21    Finally, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific, articulable facts of the case. In support of this claim, defendant contends that there are conditions that would have mitigated any potential threat to the safety of the alleged victim. He posits that he could reside in a home other than the one in which any of the complaining family members live. He also suggests that he could be monitored electronically or by pretrial services.

¶ 22    The Code instructs that, in determining whether a specific threat could be mitigated through the imposition of conditions of pretrial release, the trial court is to consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court

proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022). In addition, when a person is charged with, inter alia, domestic battery or aggravated domestic battery, the court may consider additional factors, including (1) whether the alleged incident involved harassment or abuse as defined in the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 2022)); (2) whether the defendant has a history of domestic violence as defined in the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 2022); (3) the mental health of the defendant; (4) whether the defendant has a history of violating the orders of a court or governmental entity; (5) whether the defendant has been, or is, potentially a threat to any other person; (6) whether the defendant has access to deadly weapons or a history of using deadly weapons; (7) whether the defendant has a history of abusing alcohol or a controlled substance; (8) the severity of the alleged incident that is the basis of the alleged offense; and (9) any other factor deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of that behavior. 725 ILCS 5/110-5(a)(6) (West 2022).

¶ 23    Here, the trial court found by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons. In its written findings, the court commented on the charges against defendant and the petition for an order of protection and determined that defendant's behavior demonstrated such "an escalation that no conditions can ensure the safety of [the] victim and family members." We cannot find that a conclusion opposite that of the trial court is clearly apparent. Moreover, although defendant recites conditions that may be imposed, he does not explain how the conditions

would mitigate the risk he poses. Indeed, the conditions defendant proposes—residing outside the family home and some form of monitoring—are dependent on the ability to intervene once a violation of the conditions of release is detected. Given defendant's history of domestic violence, it is not unreasonable to conclude that these conditions would be insufficient to ensure the well-being of defendant's family members. Accordingly, the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons was not against the manifest weight of the evidence.

¶ 24    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the Petition to deny defendant pretrial release did not constitute an abuse of discretion.

¶ 25                                    IV. CONCLUSION

¶ 26    For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 27    Affirmed.

¶ 28    PRESIDING JUSTICE McLAREN, specially concurring:

¶ 29    I specially concur because I cannot locate any of the following terms in the draft disposition: *forfeiture, waiver,* or *procedural default*. There is nothing in the record filed by defendant that cites to the record, to relevant authority, or constitutes a cohesive argument. These elementary requisites have developed to ensure that this court is not a repository in which to dump cases, foisting review on this court. Having failed to recognize this fundamental breach of protocols for an independent, impartial, transparent, and just judiciary, the majority draft sidesteps the necessity to designate what is a clear forfeiture. The fact that several of the fundamental elements of proper appellate argument are neither mentioned nor discussed is a deflection that may

be salutary in the short term, but is a subversion that in the long term will be anything but constructive.

¶ 30    I submit that all the claims in defendant's notice of appeal are forfeited:

" 'Rule 604(h) requires the notice of appeal to include a description of the relief to be requested *"and the grounds for the relief requested.*" ' (Emphasis in original.) [*People v.*] *Inman*, 2023 IL App (4th) 230864 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Accordingly, 'some form of argument is required, along with justification for claiming entitlement to relief-like references to the record, the evidence presented, or, if possible, legal authority.' *Id.* A reviewing court 'cannot be expected to formulate an argument for defendant out of whole cloth.' *Id.* ¶ 13. 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 42-43; *People v. Jordan*, 2024 IL App (2d) 230532-U, ¶ 12.

¶ 31    The majority should have recognized the obvious forfeiture and then proceeded to address the appeal as they saw fit to remediate whatever they believe is defective under the Acts. Instead, the disposition creates a standard of review not stated by defendant and then measures that standard on behalf of a defendant who stands mute. The majority has created an *undisclosed* exception to one of the most basic principles of forfeiture in this court. Only the truly enlightened will understand that the majority's analysis disregards boilerplate case law for a short term fix. "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill.2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into

which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error [citation]. Accordingly, these contentions are waived." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). I suggest the reader review *People v. Derrick Jordan,* 2024 IL App (2d) 230532-U for an alternative, nuanced method to review the appeal in the context of whether or not there was a forfeiture.